LAWRENCE BASTABLE, Appellant, v. WILLIAM J. CARROLL, Respondent.

First Department, December 7, 1906.

Partnership.— pleading — answer alleging that contract of dissolution was executed by defendant's agent without authority — allegations not constituting defense.

When a plaintiff sues a former copartner to restrain him from using the firm name, and bases his complaint on a breach by defendant of a contract made on dissolution, it is a good defense to allege that the contract was executed by the defendant's attorney in fact contrary to express instructions which were known to the plaintiff. When the plaintiff sues on a contract the defendant may plead that the contract was never executed and is not binding upon him.

But under such circumstances it is no defense to allege that the plaintiff paid the defendant's agent money as an inducement to execute the contract against instructions, and a demurrer to such defense is good.

Nor is it a defense to allege that the plaintiff notified the postal authorities to deliver the firm's mail to him after dissolution, which was done, whereby the defendant was damaged, for the plaintiff had as much right to the mail of the firm after dissolution as the defendant.

APPEAL by the plaintiff, Lawrence Bastable, from an interlocutory judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 4th day of June, 1906, upon the decision of the court, rendered after a trial at the New York Special Term, overruling the plaintiff's

demurrer to certain defenses and counterclaims contained in the defendant's amended answer.

*Dean Emery,* for the appellant.

*Reid L. Carr,* for the respondent.

INGRAHAM, J.:

The complaint alleges that the parties to this action were copartners; that the partnership expired by limitation on the 1st day of August, 1905; that thereafter, and on the 29th day of August, 1905, the parties entered into an agreement, a copy of which is annexed to the complaint. By that agreement the plaintiff released and relinquished all claims to the business, the entire rights and title to the goods, chattels and property belonging to the firm. The defendant released the plaintiff from any and all obligations of the firm which were assumed by the defendant, in consideration of which the plaintiff received $2,500 in cash and $750 in notes. It is further alleged that after the firm was dissolved the defendant issued a circular announcing that the firm had been dissolved and that he would continue the business at the same stand in his own name; that the defendant is now conducting a business similar to that conducted by the copartnership at the same address, and that the plaintiff is conducting a similar business under the name of Bastable & Co. within a short distance of the former place of business; that the defendant is wrongfully using the firm name of the former copartnership, and the plaintiff has demanded that he cease to use this firm name, and the complaint demands judgment that the defendant be enjoined from using the firm name or the sign or signs of the old firm upon the premises now occupied by him, and for other relief.

The answer alleges three separate defenses. The first was that defendant's attorney in fact entered into this agreement of dissolution annexed to the complaint; that said agreement was signed by said attorney contrary to the instructions of the defendant, both written and oral; that the plaintiff well knew said instructions as aforesaid and of the authority of his attorney in fact, but accepted said agreement signed by said attorney in fact, knowing that said attorney had exceeded his authority, but that "as soon as the defendant was notified that said agreement had been signed, in which the good will

of the said business had not been reserved to him, in accordance with his instructions in this and other particulars and respects he notified the plaintiff to that effect; that he repudiated the same * . * * and has offered and now offers and agrees to return, repay, replace and restore to plaintiff the consideration, if any, paid by reason of said agreement." This defense was demurred to by the plaintiff, but was overruled by the court. The plaintiff bases this cause of action upon this dissolution agreement, and in answer to such a cause of action the defendant had the right to allege that the agreement, which is alleged as a part of plaintiff's cause of action, was executed by his attorney without authority and that the plaintiff knew of such lack of authority. If the plaintiff alleges the execution of an agreement between the parties as a part of his cause of action, certainly the defendant, as a defense to the action, has a right to allege that this agreement was never executed and was never binding upon him. This is the result of this separate defense. Just what difference the existence of the contract will have upon the relief, if any, to which the plaintiff will be entitled we are not now called on to determine. When the plaintiff asks for relief based upon a written instrument the defendant has a right to meet the allegations of the complaint by alleging facts from which the inference can be drawn that no such contract was ever executed. I think, therefore, that the demurrer to this defense was properly overruled.

As a second separate defense the answer alleges that the plaintiff, as a means of inducing the defendant's attorney to sign said agreement contrary to the direction of the defendant and without authority, paid or caused to be paid to his attorney a sum of money, the amount of which was unknown to the defendant, but which he was informed and believes exceeded the sum of $1,000. This is pleaded as a separate defense, but it is entirely immaterial whether or not the plaintiff paid the attorney in fact of the defendant a sum of money. The learned trial court considered this allegation as justifying a rescission of the contract, but it is not pleaded for that purpose and seems to have no relevance at all to the plaintiff's cause of action. The answer contains what is called a further separate and distinct defense and counterclaim which alleges that on the 20th day of October, 1905, the plaintiff in writing delivered to the post-

master of the city of New York an order to deliver all letters and mail matter directed to the firm to himself; that in pursuance of such directions the postmaster, without right or authority, caused to be delivered to the plaintiff many letters and large quantities of mail matter belonging to the defendant to the damage of the defendant in the sum of $1,000. It is quite clear that this is neither good as a defense or a counterclaim, whether the agreement set up in the complaint is good or not. Upon the dissolution of the firm one partner became as much entitled to the mail addressed to the firm as the other. The mere receipt by the plaintiff of letters addressed to the firm was not wrongful and imposed no liability upon the plaintiff.

My conclusion is that the judgment appealed from should be reversed; the demurrer to the first separate defense overruled, and the demurrer to the second and third defenses sustained, without costs to either party in this court or in the court below; that the plaintiff should have leave to withdraw the demurrer as to the first separate defense, and that the defendant should have leave to serve an amended answer within twenty days.

PATTERSON, LAUGHLIN, CLARKE and SCOTT, JJ., concurred.

Judgment reversed, demurrer to first separate defense overruled, and demurrer to second and third defenses sustained, without costs to either party in this court or in the court below, with leave to plaintiff to withdraw demurrer as to first defense, and to defendant to amend within twenty days. Settle order on notice.